UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| LAWRENCE OUELLETTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 2:16-cv-53-DBH |
| | ) | |
| NORMAN GAUDETTE, ROGER | ) | |
| BEAUPRE, AND CITY OF | ) | |
| BIDDEFORD, | ) | |
| | ) | |
| Defendants. | ) | |

CITY DEFENDANTS SUPPLEMENTAL BRIEF
ON MOTION TO DISMISS

Defendants Roger Beaupre (the "Chief") and the City of Biddeford (the "City")

submit this memorandum in response to the Court's request for argument on the

significance of the First Circuit's decision in *Nieves v. McSweeney*, 241 F.3d 46 (1st Cir.

2001).


I.    ARGUMENT

The Court has accurately described the First Circuit's holding in *Nieves*: where an

underlying section 1983 claim against a police officer is barred by the statute of

limitations, a plaintiff's supervisory and municipal liability claims against the police

chief and the municipality based on the conduct of that police officer "also must fail."

*See id.* at 50.  In other words, as the Court put the point, the First Circuit has held that

1

"the viability of a 1983 claim against the individual municipal officer is a prerequisite to having a viable claim against the supervisor or the municipality."  (ECF Doc. 18 at 14 n. 8.)  *Nieves* is relevant here because "[t]he plaintiffs have stipulated to the dismissal of their Count I section 1983 claims against Officers Dodd and Gaudette . . . because, as the plaintiffs readily admit, the 1983 claims against Dodd and Gaudette are time-barred" (*id*. at 15), and thus are not viable.

Nieves is squarely on point and dispositive of the claims against the Chief and the City.  Here as in *Nieves*, the section 1983 claims against the police officer accused of violating the constitutional rights of the plaintiff are barred by the statute of limitations. The unmistakable import of *Nieves* is that the claims against the Chief and the City are too.

Nieves is consistent with *Evans v. Avery*, 100 F.3d 1033, 1039 (1st Cir. 1996), where the First Circuit held that a section 1983 claim against the City of Boston could not succeed because the plaintiff's claim against the police officer defendants accused of committing the underlying constitutional violations was not viable.  S*ee also Spencer v. Roche*, 659 F.3d 142, 150 (1st Cir. 2011) ("[T]he absence of an anchoring constitutional violation dooms the claim that the City failed properly to train the officers."); *Martinez v. Colon*, 54 F. 3d 980, 990 (1st Cir. 1995) (recognizing that there can be no supervisory liability where there is no constitutional violation).  *Nieves* is not an outlier, but a statement of established First Circuit law.

The First Circuit's holding in *Nieves* makes good sense.  The theory behind making a supervisor or municipality liable for the actions of a police officer who violated a plaintiff's constitutional rights is that the supervisor or municipality caused the

2

plaintiff harm by creating or negligently permitting to exist an environment in which the police officer was able to commit the constitutional violation.  If there was no underlying constitutional violation, then as far as section 1983 is concerned, the actions or inactions of the supervisor or the municipality are inconsequential.  Whatever may or may not have happened to the plaintiffs, if they do not have a viable section 1983 claim against the police officer defendants, neither the supervisor of the police officer defendants nor their municipality can be said to have contributed to a deprivation of the plaintiffs' constitutional rights under the statute.  That is why, if plaintiff does not have section 1983 claims against the police officer defendant, his section 1983 claim against the Chief and the City also must fail.  *Nieves* simply establishes that this sound logical proposition is in fact the law in the First Circuit.

Nieves controls the outcome of the Chief and the City's motion to dismiss in this case under the doctrine of "law of the circuit."  As a general matter, a panel in a multi-panel circuit is bound by prior panel decisions closely on point. *See Eulitt ex rel. Eulitt v. Me. Dep't of Educ.*, 386 F.3d 344, 349 (1st Cir. 2004).  The law of the circuit doctrine is a corollary of the principle of stare decisis as it preserves and protects the judiciary's commitment to finality, stability, and certainty in the law.  *United States v. Rodriguez*, 527 F.3d 221, 224 (1st Cir. 2008).   The law of the circuit rule does not depend on whether courts outside the circuit are in agreement. The emergence of different views, without more, does not justify a repudiation of circuit precedents. *See, e.g., United States v. Rodriguez*, 311 F.3d 435, 438-39 (1st Cir. 2002).  The law of the circuit doctrine "holds a prior panel decision is inviolate absent either the occurrence of a controlling intervening event (e.g., a Supreme Court opinion on point; a ruling of the

circuit , sitting en banc or a statutory overruling) or in extremely rare circumstances where non-controlling but persuasive case law suggests such a course." *United States v Chhien*, 266 F.3d 1, 11(1st Cir. 2001).   Although none of those circumstances exist here, a trial court judge has a simpler path.  As recently observed in the District of Maine, a trial judge within the circuit is required to follow circuit precedent.  *Harrison v. Granite Bay Care, Inc.*, No. 2:13-CV-123-DBH, 2014 U.S. Dist. LEXIS 123665, at *2 (D. Me. Sep. 4, 2014), rev'd  by *Harrison v. Granite Bay Care, Inc.*, 811 F.3d 36 (1st Cir. 2016). See also *Woodford Family Services v. Casey*, 832 F. Supp. 2d 88,102 (D. Me. 2011).

Defendants submit that the significance of *Nieves* is just what it appears to be: because plaintiff's section 1983 claims against the police officer accused of violating his constitutional rights are not viable, his supervisory and municipal liability claims against the Chief and the City "also must fail." *Nieves* at 50.  As the Court has explained, "[t]he plaintiffs have stipulated to the dismissal of their Count I section 1983 claims against Officers Dodd and Gaudette . . . because, as the plaintiffs readily admit, the 1983 claims against Dodd and Gaudette are time-barred."  (ECF Doc. 18 at 15.)  That being so, the answer to the Court's question ("Under *Nieves*, must the plaintiffs' 1983 claims against the Chief and the City also fail as a result?") is a simple "Yes." *Nieves* so requires, as it is controlling precedent in this Circuit.


II.     **CONCLUSION**

Because the plaintiff does not have viable section 1983 claims against the police officer he accuses of violating his constitutional rights, his section 1983 claims against

the Chief and the City also must fail.  The motion to dismiss the Chief and the City

should therefore be granted.

Dated:  August 4, 2016.

/s/ Keith R. Jacques
Keith R. Jacques, Esq. (Bar No. 2962)
Attorney for Defendant, City of Biddeford
Woodman Edmands Danylik Austin Smith
 & Jacques, PA
234 Main Street
P.O. Box 468
Biddeford, ME 04005
krj@woodedlaw.com
(207) 284-4581


/s/ Timothy J. Bryant
Timothy J. Bryant, Esq. (Bar No. 7736)
Attorney for Defendant, Roger Beaupre
Preti, Flaherty, Beliveau & Pachios, LLC
One City Center
P. O. Box 9546
Portland, ME 04112-9546
tbryant@preti.com
(207) 791-3000


## CERTIFICATE OF SERVICE

I, Keith R. Jacques, hereby certify that on August 4, 2016, I electronically filed this document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.


/s/ Keith R. Jacques
Keith R. Jacques, Esq. (Bar No. 2962)
Attorney for Defendant, City of Biddeford
Woodman Edmands Danylik Austin Smith & Jacques, PA
234 Main Street
P.O. Box 468
Biddeford, ME 04005
krj@woodedlaw.com
(207) 284-4581

5