UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LAWRENCE OUELLETTE, | ) |
|       Plaintiff | ) ) ) |
|     v. | )    **Docket No. 2:16-cv-00053-DBH** |
| NORMAN GAUDETTE, ROGER BEAUPRE, and CITY OF BIDDEFORD | ) ) ) ) ) |
|       Defendants | ) |

**DEFENDANT NORMAN GAUDETTE'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, Norman Gaudette, responds as follows to the allegations made by Plaintiff Lawrence Ouellette in the Amended Complaint, ECF No. 22, as follows, denying every allegation not expressly admitted below:

1. Gaudette denies the allegations of paragraph 1 insofar as they relate to him. Gaudette does not have sufficient information to form a belief about the truth or falsity of the remaining allegations of paragraph 1, and therefore denies them.

2. Gaudette does not have sufficient information to form a belief of the truth or falsity of the allegations set forth in paragraph 2, and therefore denies them.

3. Gaudette does not have sufficient information to form a belief of the truth or falsity of the allegations set forth in paragraph 3, and therefore denies them.

4. Gaudette admits the allegations set forth in paragraph 4.

5. Gaudette admits that, during the time period in question, he was a police officer employed with the Biddeford Police Department, but otherwise denies the allegations set forth in paragraph 5.

1

6.     Gaudette does not have sufficient information to form a belief of the truth or falsity of those allegations in paragraph 6, and therefore denies them, but admits that Defendant Roger Beaupre is the Chief of Police for the Biddeford Police Department.

7.     Gaudette does not have sufficient information to form a belief of the truth or falsity of those allegations in paragraph 7, and therefore denies them.

8.     Gaudette admits the allegations set forth in paragraph 8.

9.     Paragraph 9 does not contain a factual allegation for which any response is required. To the extent a response is required, Gaudette denies the allegations set forth in paragraph 9.

10.    Gaudette denies the allegations set forth in paragraph 10.

11.    Gaudette is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11, and therefore denies them.

12.    Gaudette admits the allegations set forth in paragraph 12.

13.    Gaudette denies the allegations set forth in paragraph 13.

14.    Gaudette is without sufficient information to form a belief as to the allegations set forth in paragraph 14, and therefore denies the same.

15.    Gaudette denies the allegations set forth in paragraph 15.

16.    Gaudette denies the allegations set forth in paragraph 16.

17.    Gaudette denies the allegations set forth in paragraph 17.

18.    Gaudette denies the allegations set forth in paragraph 18.

19.    Gaudette denies the allegations set forth in paragraph 19.

20.    Gaudette denies the allegations set forth in paragraph 20.

21.    Gaudette denies the allegations set forth in paragraph 21.

22. Gaudette denies the allegations set forth in paragraph 22, insofar as they suggest Gaudette sexually assaulted Ouellette. Gaudette is otherwise without sufficient information to form a belief as to allegations set forth in Paragraph 22, and therefore denies the same.

23. Gaudette denies the allegations set forth in paragraph 23.

24. Gaudette denies the allegations set forth in paragraph 24, insofar as they suggest Gaudette sexually assaulted Ouellette. Gaudette is otherwise without sufficient information to form a belief as to allegations set forth in paragraph 24, and therefore denies the same.

25. Gaudette denies the allegations set forth in paragraph 25, insofar as they suggest Gaudette sexually assaulted Ouellette. Gaudette is otherwise without sufficient information to form a belief as to allegations set forth in paragraph 25, and therefore denies the same.

## COUNT I
## 42 U.S.C. § 1983
### (Officer Gaudette in his Individual Capacity)

26. This paragraph relates to a claim that has already been dismissed, *see* ECF No. 18 at 15, PageID # 162, thus, no response is required. To the extent a response is required, Gaudette denies the allegations in paragraph 26.

27. This paragraph relates to a claim that has already been dismissed, *see* ECF No. 18 at 15, PageID # 162, thus, no response is required. To the extent a response is required, Gaudette denies the allegations in paragraph 27.

28. This paragraph relates to a claim that has already been dismissed, *see* ECF No. 18 at 15, PageID # 162, thus, no response is required. To the extent a response is required, Gaudette denies the allegations in paragraph 28 of Plaintiff's Amended Complaint.

29. This paragraph relates to a claim that has already been dismissed, *see* ECF No. 18 at 15, PageID # 162, thus, no response is required. To the extent a response is required, Gaudette

denies the allegations in paragraph 29 of Plaintiff's Amended Complaint.

30. This paragraph relates to a claim that has already been dismissed, *see* ECF No. 18 at 15, PageID # 162, thus, no response is required. To the extent a response is required, Gaudette denies the allegations in paragraph 30 of Plaintiff's Amended Complaint.

31. This paragraph relates to a claim that has already been dismissed, *see* ECF No. 18 at 15, PageID # 162, thus, no response is required. To the extent a response is required, Gaudette denies the allegations in paragraph 31 of Plaintiff's Amended Complaint.

## COUNT II
## 42 U.S.C. § 1983
## (Chief Beaupre in his Individual Capacity)

32. Gaudette restates and incorporates by reference its answer to each and every allegation contained in paragraphs 1 through 31 as set forth above.

33. Paragraph 33 relates to a claim against another party, thus, Gaudette does not have sufficient information to form a belief as to the truth of the allegations stated therein. To the extent the allegations relate to Gaudette, Gaudette denies the allegations set forth in paragraph 33.

34. Gaudette admits the allegations set forth in paragraph 34.

35. Paragraph 35 relates to a claim against another party, thus, Gaudette does not have sufficient information to form a belief as to the truth of the allegations stated therein. To the extent the allegations relate to Gaudette, Gaudette denies the allegations set forth in paragraph 35.

36. Paragraph 36 relates to a claim against another party, thus, Gaudette does not have sufficient information to form a belief as to the truth of the allegations stated therein. To the extent the allegations relate to Gaudette, Gaudette denies the allegations set forth in paragraph

36.

37. Paragraph 37 relates to a claim against another party, thus, Gaudette does not have sufficient information to form a belief as to the truth of the allegations stated therein. To the extent the allegations relate to Gaudette, Gaudette denies the allegations set forth in paragraph 37.

38. Paragraph 38 relates to a claim against another party, thus, Gaudette does not have sufficient information to form a belief as to the truth of the allegations stated therein. To the extent the allegations relate to Gaudette, Gaudette denies the allegations set forth in paragraph 38.

39. Paragraph 39 relates to a claim against another party, thus, Gaudette does not have sufficient information to form a belief as to the truth of the allegations stated therein. To the extent the allegations relate to Gaudette, Gaudette denies the allegations set forth in paragraph 39.

**COUNT III**
**42 U.S.C. § 1983**
**(Municipal Defendants)**

40. Gaudette restates and incorporates by reference its answer to each and every allegation contained in paragraphs 1 through 39 as set forth above.

41. Paragraph 41 relates to a claim against another party, thus, Gaudette does not have sufficient information to form a belief as to the truth of the allegations stated therein. To the extent the allegations relate to Gaudette, Gaudette denies the allegations set forth in paragraph 41.

42. Paragraph 42 relates to a claim against another party, thus, Gaudette does not have sufficient information to form a belief as to the truth of the allegations stated therein. To the

extent the allegations relate to Gaudette, Gaudette denies the allegations set forth in paragraph 42.

43. Paragraph 43 relates to a claim against another party, thus, Gaudette does not have sufficient information to form a belief as to the truth of the allegations stated therein. To the extent the allegations relate to Gaudette, Gaudette denies the allegations set forth in paragraph 3.

44. Paragraph 44 relates to a claim against another party, thus, Gaudette does not have sufficient information to form a belief as to the truth of the allegations stated therein. To the extent the allegations relate to Gaudette, Gaudette denies the allegations set forth in paragraph 44.

45. Paragraph 45 relates to a claim against another party, thus, Gaudette does not have sufficient information to form a belief as to the truth of the allegations stated therein. To the extent the allegations relate to Gaudette, Gaudette denies the allegations set forth in paragraph 45.

46. Paragraph 46 relates to a claim against another party, thus, Gaudette does not have sufficient information to form a belief as to the truth of the allegations stated therein. To the extent the allegations relate to Gaudette, Gaudette denies the allegations set forth in paragraph 46.

47. Paragraph 47 relates to a claim against another party, thus, Gaudette does not have sufficient information to form a belief as to the truth of the allegations stated therein. To the extent the allegations relate to Gaudette, Gaudette denies the allegations set forth in paragraph 47.

48. Paragraph 48 relates to a claim against another party, thus, Gaudette does not have sufficient information to form a belief as to the truth of the allegations stated therein. To the

extent the allegations relate to Gaudette, Gaudette denies the allegations set forth in paragraph 48.

## COUNT IV
## NEGLIGENT SUPERVISION
### (Municipal Defendants)

49.     Gaudette restates and incorporates by reference its answer to each and every allegation contained in paragraphs 1 through 48 as set forth above.

50.     Paragraph 50 relates to a claim against another party, thus, Gaudette does not have sufficient information to form a belief as to the truth of the allegations stated therein. To the extent the allegations relate to Gaudette, Gaudette denies the allegations set forth in paragraph 50.

51.     Paragraph 51 relates to a claim against another party, thus, Gaudette does not have sufficient information to form a belief as to the truth of the allegations stated therein. To the extent the allegations relate to Gaudette, Gaudette denies the allegations set forth in paragraph 51.

52.     Paragraph 52 relates to a claim against another party, thus, Gaudette does not have sufficient information to form a belief as to the truth of the allegations stated therein. To the extent the allegations relate to Gaudette, Gaudette denies the allegations set forth in paragraph 52.

53.     Paragraph 53 relates to a claim against another party, thus, Gaudette does not have sufficient information to form a belief as to the truth of the allegations stated therein. To the extent the allegations relate to Gaudette, Gaudette denies the allegations set forth in paragraph 3.

54.     Paragraph 54 relates to a claim against another party, thus, Gaudette does not have sufficient information to form a belief as to the truth of the allegations stated therein. To the

extent the allegations relate to Gaudette, Gaudette denies the allegations set forth in paragraph 54.

55.     Paragraph 55 relates to a claim against another party, thus, Gaudette does not have sufficient information to form a belief as to the truth of the allegations stated therein. To the extent the allegations relate to Gaudette, Gaudette denies the allegations set forth in paragraph 55.

56.     Paragraph 56 relates to a claim against another party, thus, Gaudette does not have sufficient information to form a belief as to the truth of the allegations stated therein. To the extent the allegations relate to Gaudette, Gaudette denies the allegations set forth in paragraph 56.

57.     Paragraph 57 relates to a claim against another party, thus, Gaudette does not have sufficient information to form a belief as to the truth of the allegations stated therein. To the extent the allegations relate to Gaudette, Gaudette denies the allegations set forth in paragraph 57.

58.     Paragraph 58 relates to a claim against another party, thus, Gaudette does not have sufficient information to form a belief as to the truth of the allegations stated therein. To the extent the allegations relate to Gaudette, Gaudette denies the allegations set forth in paragraph 58.

59.     Paragraph 59 relates to a claim against another party, thus, Gaudette does not have sufficient information to form a belief as to the truth of the allegations stated therein. To the extent the allegations relate to Gaudette, Gaudette denies the allegations set forth in paragraph 59.

## COUNT V
## SEXUAL ASSAULT
### (Officer Gaudette in his Individual Capacity)

60. Gaudette restates and incorporates by reference its answer to each and every allegation contained in paragraphs 1 through 59 as set forth above.

61. Gaudette denies the allegations set forth in paragraph 61.

62. Gaudette denies the allegations set forth in paragraph 62.

63. Gaudette denies the allegations set forth in paragraph 63.

WHREFORE, Gaudette requests that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in Gaudette's favor, and that Gaudette be granted his attorney fees, costs, expenses, and such further and other relief as the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by the statute of limitations.

3. Plaintiff's claims are barred by the doctrine of laches.

WHREFORE, Gaudette requests that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in Gaudette's favor, and that Gaudette be granted his attorney fees, costs, expenses, and such further and other relief as the Court deems just and equitable.

Dated: September 23, 2016         /s/ Gene R. Libby, Esq.
                                  Gene R. Libby, Esq. (Bar No. 427)
                                  Tyler J. Smith, Esq. (Bar No. 4526)
                                  Attorneys for Defendant, Norman Gaudette
                                  Libby O'Brien Kingsley & Champion, LLC
                                  62 Portland Road, Suite 17
                                  Kennebunk, ME  04043
                                  glibby@lokllc.com
                                  tsmith@lokllc.com
                                  (207) 985-1815

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2016, I electronically filed this document with the Clerk of the Court using the CM/ECF system which caused a copy of this document be served electronically to all parties and counsel of record.

Dated: September 23, 2016          /s/ Gene R. Libby, Esq.
                                   Gene R. Libby, Esq. (Bar No. 427)
                                   Tyler J. Smith, Esq. (Bar No. 4526)
                                   Attorneys for Defendant, Norman Gaudette
                                   Libby O'Brien Kingsley & Champion, LLC
                                   62 Portland Road, Suite 17
                                   Kennebunk, ME  04043
                                   glibby@lokllc.com
                                   tsmith@lokllc.com
                                   (207) 985-1815