UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| LAWRENCE OUELLETTE, <br><br> PLAINTIFF <br><br> v. <br><br> NORMAN GAUDETTE, *in his individual capacity*; ROGER BEAUPRE, *in his official capacity as Chief of Police for the Biddeford Police Department and in his individual capacity*; and CITY OF BIDDEFORD, <br><br> DEFENDANTS | CIVIL NO. 2:16-CV-53-DBH |

### ORDER DENYING WITHOUT PREJUDICE DEFENDANT GAUDETTE'S MOTION TO RETAIN CONFIDENTIALITY DESIGNATIONS

In this case, there is a pending dispute involving confidentiality designations on all the papers contained in the defendant's lawyer's file compiled during an investigation of the defendant in the 1990s. The defendant's motion to retain confidentiality designations is **DENIED WITHOUT PREJUDICE** to its renewal after following the proper procedural steps.

According to the legal memoranda (the lawyers have not filed any of the underlying documents), the defendant's lawyer designated his entire file concerning the 1990s investigation as CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER, a designation allowed by the Consent Confidentiality Order issued by the Magistrate Judge on February 10, 2016. Consent Confidentiality Order (ECF No. 10). With that designation, the documents can

be disclosed to legal counsel, the parties themselves, consultants, experts and other categories, but not generally to third parties. Id. ¶ 5(b). The designation is to be applied:

> only after review of the documents by an attorney . . . who has in good faith determined that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, trade secrets, personnel records, or commercial information. The designation shall be made subject to the standards of Rule 11 and the sanctions of Rule 37 of the Maine Rules of Civil Procedure.

Id. ¶ 3. I cannot tell whether the defendant's lawyer followed that standard here before he applied the designation to the file he disclosed, or merely assumed that because the documents all were in his file, they all qualified.[1]

Upon receiving the documents with the designation, the plaintiff's lawyer objected to the designation, a procedure specified by the Confidentiality Order. Consent Confidentiality Order ¶ 8(a) (ECF No. 10). As near as I can tell, he objected to the designation for all the documents, although the Confidentiality Order required him to "specify the documents to which the objection is directed and . . . set forth the reasons for the objection as to each document or category of documents." Id. I cannot tell whether he did so.

The lawyers thereafter were unable to resolve the designation dispute, but at least one of the legal memoranda suggests that they did not "meet and confer

---

[1] The defendant's lawyer argues that he had "a good-faith basis on which to designate the documents as confidential" because they came from his file in the prior representation of Gaudette, Def.'s Reply to Pl.'s Opp'n to Mot. to Retain Confidentiality Designations 4 (ECF No. 51), while the plaintiff's lawyer contends that opposing counsel engaged in "blanket designations," Pl.'s Opp'n to Def.'s Mot. to Retain Confidentiality Designations 10 (ECF No. 50). The defendant's lawyer apparently did not raise attorney-client privilege or work-product privilege as a basis for refusing to produce the documents, although he now refers to both privileges as part of his argument that they should not be disclosed to the public. Def.'s Mot. to Retain Confidentiality Designations 6 (ECF No. 48).

in a good faith effort to resolve the objection by agreement," Def.'s Reply to Pl.'s Opp'n to Mot. to Retain Confidentiality Designations 2 (ECF No. 51), an "obligation" the Confidentiality Order imposed on them. Consent Confidentiality Order ¶ 8(b) (ECF No. 10).

The defendant filed his motion to retain the confidentiality designations, concerned that the plaintiff's lawyer wants to disclose the file contents to the world. Def.'s Mot. to Retain Confidentiality Designations 8–9 (ECF No. 48). The plaintiff's lawyer intimates that he has no such intent, but needs to show the documents to certain witnesses he plans to call. Pl.'s Opp'n to Def.'s Mot. to Retain Confidentiality Designations 9–11 (ECF No. 50).

In the absence of agreement, the party moving to retain its confidentiality designation "has the burden to show good cause" for the designation.[2] Consent Confidentiality Order ¶ 8(c) (ECF No. 10). "A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements." Anderson v. Cryovac, Inc., 805 F.2d 1, 7 (1st Cir.1986); 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2035 (3d ed. 2004).

The showing of good cause for the confidentiality designation "should be made with appropriate specifics." 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2043 (3d ed. 2004). To that end, this Court has ruled that a confidentiality order "contemplates specific, rather than blanket,

---

[2] Federal Rule of Civil Procedure 26(c) further provides that the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

designations." Sea Hunters, LP v. S.S. Port Nicholson, No. 2:08-cv-272-GZS, 2014 WL 2117358, at *3 (D. Me. May 21, 2014). Although many of the documents from the lawyer's file may indeed merit a confidentiality designation, the defendant's lawyer is not entitled to summarily designate all his files as confidential. See Officemax Inc. v. Sousa, No. Civ. 9-631, 2010 WL 3853194, at *1 n.2 (D. Me. Sept. 28, 2010) ("The parties need to take a serious look at the items that have been designated 'confidential' . . . ."); cf. Bailey v. Me. Comm'n on Governmental Ethics & Election Practices, No. 1:11-cv-00179-JAW, 2011 WL 6444585, at *4 (D. Me. Dec. 19, 2011) ("[I]t is counsels' burden to first review the transcripts and designate only those portions that are alleged to be confidential. It is not proper practice to designate the entire transcripts confidential."). The defendant's lawyer has identified broad categories of the produced documents, see Def.'s Mot. to Retain Confidentiality Designations 4 (ECF No. 48), but not specifically shown the basis for the confidentiality designations.

This dispute obviously is not ripe for resolution. I **DIRECT** the defendant's lawyer to review each document under the standard of paragraph 3 of the Consent Confidentiality Order. As to those documents that thereafter retain the confidentiality designation, I direct the plaintiff's lawyer to follow the standard of paragraph 8(a) of the Consent Confidentiality Order, specifying the documents to which he directs his objection and setting forth the reasons for the objection as to each document or category. Consent Confidentiality Order ¶¶ 3, 8(a) (ECF No. 10). Thereafter, I **DIRECT** the lawyers to meet *in person* and confer in a good faith effort to resolve their dispute. See id. ¶ 8(b). Only thereafter can this motion be filed, id. ¶ 8(c), and I will expect specificity as to any remaining dispute

in terms of the document, reasons for the designation, and reasons for the objection.

**SO ORDERED.**

**DATED THIS 14TH DAY OF DECEMBER, 2016**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**