# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| LAWRENCE ROLAND OUELLETTE, ) | |
| ) | |
| *Plaintiff* ) | |
| *v.* ) | No. 2:16-cv-00053-LEW |
| ) | |
| NORMAN GAUDETTE, et al., ) | |
| ) | |
| *Defendants* ) | |

## MEMORANDUM DECISION AND ORDER ON DISCOVERY DISPUTE

At the request of defendant Roger Beaupre, I held a teleconference in this section 1983 civil rights action on January 29, 2019, to resolve disputes over the adequacy of plaintiff Lawrence Roland Ouellette's responses to Defendant Beaupre's contention interrogatories and related document requests. *See* ECF No. 116 at [1]; ECF No. 123. I determined that I required further information and ordered simultaneous letter-briefs to be filed on the docket by the parties by February 8, 2019, with simultaneous letter-brief responses to be filed by February 14, 2019. ECF No. 123. The City of Biddeford, noting that it had served virtually identical discovery requests on the plaintiff and received essentially identical responses, joined in Defendant Beaupre's letter brief. *See* ECF No. 125.

For the reasons that follow, treating Defendant Beaupre's request as a motion to compel, I grant the motion in part, to the extent that I direct the plaintiff to supplement his answer to both defendants' Interrogatory No. 3 no later than April 15, 2019, and otherwise deny it.

## I. Background

This section 1983 civil rights action has been ongoing for more than three years. The parties have conducted extensive discovery practice, including taking more than 75 depositions in this action and related cases. *See* Plaintiff's Letter Brief dated Feb. 8, 2019 ("Ptf's Letter Br.")

1

(ECF No. 124) at 1. More than a year ago, Defendant Beaupre served the plaintiff with contention interrogatories. *See* Defendant Beaupre's Letter Brief dated Feb. 7, 2019 ("Def's Letter Br.") (ECF No. 122) at 2. The plaintiff argued that it was too early in the discovery process to respond and requested an extension, which Defendant Beaupre provided. *See id.* The plaintiff eventually served responses to the contention interrogatories in December 2018 and to related contention-styled document requests in November 2018. *See* Plaintiff's Responses to Defendant Roger Beaupre's First Set of Interrogatories ("Ptf's Interrog. Resp.") (ECF No. 122-1), attached to Def's Letter Br., at 15; Plaintiff's Responses to Defendant Roger Beaupre's First Request for Production of Documents ("Ptf's RFP Resp.") (ECF No. 122-2), attached to Def's Letter Br., at 9.

Defendant Beaupre takes issue with the plaintiff's answers to 26 of his 29 interrogatories, all but those numbered 1, 2, and 20, *see* Interrogatories ("Interrog. Chart") (ECF No. 122-3), attached to Def's Letter Br, and the plaintiff's responses to 26 of his 31 requests for production of documents, all but those numbered 1 through 5, *see* Requests for Production of Documents ("RFP Chart") (ECF No. 122-3), attached to Def's Letter Br.

The plaintiff responded to the interrogatories at issue by (i) writing several narrative accounts of the evidence, *see* Ptf's Interrog. Resp. Nos. 3-4, 13, 16, 19, (ii) providing caveats that his answers did not contain all of the requested information, which I construe as objections as to scope and proportionality, *see id.* Nos. 4-5, 14,[1] and (iii) referencing other answers, *see id.* Nos. 3-12, 15, 17-18, 21-29.

The plaintiff served similar responses to the requests for production of documents at issue, (i) directing Defendant Beaupre to relevant sources (typically deposition transcripts), *see* Ptf's RFP

---

[1] The plaintiff noted, for example, that he "cannot possibly summarize every single fact that supports this claim." Ptf's Interrog. Resp. Nos. 4-5. I include the plaintiff's answer to Interrogatory No. 14 in this category because he included the caveat, "[a]mong other things[.]" Ptf's Interrog. Resp. No. 14.

Resp. Nos. 6-8, 17-20, (ii) including caveats like those found in his interrogatory responses and making blanket references to discovery materials "already in [the] possession of Defendant," which I construe as objections as to scope and proportionality, *id*. Nos. 7-8, and (iii) referencing other responses, usually his responses to RFP Nos. 7 and 8, *see id*. Nos. 8-16, 21-31.

Defendant Beaupre now argues that the plaintiff's responses to his contention interrogatories and document requests are deficient. *See generally* Def's Letter Br.; Defendant Beaupre's Letter Response dated Feb. 12, 2019 ("Def's Letter Resp.") (ECF No. 126). Some, according to Defendant Beaupre, are "[i]nadequately answered"; others contain an "overbroad loophole"; still others allegedly suffer both problems. *See* Interrog. Chart; RFP Chart. To illustrate, Defendant Beaupre methodically analyzes the plaintiff's answers to Interrog. Nos. 3 and 4 and responses to RFP Nos. 7 and 8, all of which he deems inadequate. *See* Def's Letter Br. at 3-7. He also objects to the plaintiff's caveats regarding completeness, arguing that answers and responses containing such a "loophole" are not "helpful or adequate[.]" *Id*. at 3, 7. Finally, he argues that the plaintiff's references to other responses merely incorporate the inadequacies of those underlying responses. *See id.* at 4, 7.

The plaintiff rejoins that, because discovery in this case comprises a set universe of documents and depositions known to both sides, his responses are adequate, and requiring further explication would be "unfair, unreasonable, and plainly disproportionate." Plaintiff's Letter Response dated Feb. 14, 2019 ("Ptf's Letter Resp.") (ECF No. 127) at 1. The plaintiff relies on the principles of Federal Rule of Civil Procedure 26, my ruling in *Gemini Ins. Co. v. Branch River Plastics, Inc.*, No. 2:15-cv-343-NT, 2016 U.S. Dist. LEXIS 75675 (D. Me. Jun. 9, 2016), and caselaw from other jurisdictions in arguing that Defendant Beaupre's motion should be denied. *See generally* Ptf's Letter Br.

## II. Discussion

Rule 26(b)(1) outlines the general scope of discovery: "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). As outlined below, I find that most of Defendant Beaupre's interrogatories and document requests are overbroad, not proportional to the needs of this case, and otherwise answered adequately.

As to Interrog. No. 3, however, I grant Defendant Beaupre's motion. The plaintiff's narrative is unclear on the issue of what admissions he believes Defendant Beaupre has made. The plaintiff states that Defendant Beaupre has "testified about those events, in whole or in part[,]" but does not clarify which events he believes Defendant Beaupre to have testified about. The plaintiff could be referencing the testimony of Robert Devou or Robert Poisson or any other portion of his narrative responding to Interrog. No. 4, which he incorporates by reference to his answers to Interrog. Nos. 5 and 6 (which, in turn, incorporate by reference his answer to Interrog. No. 4). Consequently, I direct the plaintiff to supplement his answer to Interrog. No. 3 no later than April 15, 2019.

As to the remaining interrogatories in dispute and all of the disputed requests for production, I sustain the plaintiff's objections and, accordingly, deny Defendant Beaupre's motion.[2]

Normally in a case with voluminous discovery materials, the court is concerned that one party is attempting to swamp the other party, forcing the opponent to find a "needle in a haystack." In such a scenario, contention interrogatories can serve the useful purpose of assisting the court

---

[2] As to RFP Nos. 30 and 31, I agree with the plaintiff, *see* Ptf's Letter Br. at 5, that they do not meet the particularity requirement of Rule 34(b)(1)(A) because they seek all documents on which the plaintiff relies with respect to Defendant Beaupre as to entire counts of the complaint, *see* Fed. R. Civ. P. 34(b)(1)(A) (requests for production of documents "must describe with reasonable particularity each item or category of items to be inspected").

(and parties) "in narrowing and sharpening the issues[.]"  Def's Letter Br. at 3 (quoting Fed. R. Civ. P. 33 advisory committee's note to 1970 amendment).  But that is not the case here.

The plaintiff asserts, and Defendant Beaupre does not contest, that the majority of the more than 75 depositions taken in this and related cases were noticed by the defendants and conducted by the defendants' counsel.  *See* Ptf's Letter Br. at 1; Def's Letter Resp. at 1.  Now, the defendants want the plaintiff to identify for them what the plaintiff thinks is important.  As I observed in *Gemini*, this is improper.  *Gemini*, 2016 U.S. Dist. LEXIS 75675, at *8 ("Where the requesting party already has all relevant, non-privileged evidence, its demand that the opposing party disclose its attorney's selection and compilation of certain documents is often a thinly-veiled effort to ascertain how counsel intends to marshal[] the facts, documents and testimony in his possession, and to discover the inferences that counsel believes properly can be drawn from the evidence it has accumulated.") (quoting *Kodak Graphic Commc'ns Can. Co. v. E.I. du Pont de Nemours & Co.*, No. 08-CV-6553T, 2012 U.S. Dist. LEXIS 15752, 2012 WL 413994, at *5 (W.D.N.Y. Feb. 8, 2012)).[3]

Moreover, nearly all of Defendant Beaupre's contested interrogatories, and all of his document requests, seek "all facts," "all documents," or some similar formulation.  *See generally* Ptf's Interrog. Resp.; Ptf's RFP Resp.  As I outlined in *Gemini*, such a formulation is overbroad. *Gemini* 2016 U.S. Dist. LEXIS 75675, at *4-5 (quoting *Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006), for the proposition that "'contention interrogatories' are overly broad and unduly burdensome on their face if they seek 'all facts' supporting a claim or defense, such that the answering party is required to provide a narrative account of its case[,]" and *Rowland v. Paris Las*

---

[3] Defendant Beaupre seeks to distinguish *Gemini* on the grounds that it involved discovery that was "narrow" and "closed[.]"  Def's Letter Br. at 2-3 (internal quotation marks omitted).  While Defendant Beaupre's characterization of *Gemini* is accurate, the underlying principle of the ruling, along with the authority I cited in it, is that the facts of the case were known to both parties. *See Gemini*, 2016 U.S. Dist. LEXIS 75675, at *7-8.

*Vegas*, No. 13CV2630-GPC (DHB), 2015 U.S. Dist. LEXIS 105513, 2015 WL 4742502, at *2 (S.D. Cal. Aug. 11, 2015), for the proposition that contention interrogatories "should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony supporting witnesses, and the contents of supporting documents"). In the circumstances of this case, in which the parties jointly have developed voluminous discovery, Defendant Beaupre's interrogatories and document requests are also not proportional to the needs of this case.[4]

Finally, in the circumstances, the plaintiff's answers provide an adequate response to the central questions underlying all of Defendant Beaupre's interrogatories and document requests, despite those questions' overbreadth and lack of proportionality. While I agree with Defendant Beaupre that the plaintiff's answer to Interrog. No. 3 is inadequate (if only because it is ambiguous), it does not follow that his other answers, which incorporate his answer to Interrog. No. 3, are also inadequate. As Defendant Beaupre admits, his contention interrogatories "all get at the same ultimate question about what Beaupre knew and when he knew it," Def's Letter Br. at 6, as do his related document requests, *see* Ptf's RFP Resp. Nos. 6-31. As a consequence, the plaintiff's repeated references to his narrative answering Defendant Beaupre's "ultimate question" are adequate.

---

[4] Defendant Beaupre also argues that the plaintiff's answers to his interrogatories are inadequate because "[g]eneral references to the deposition transcripts are certainly not enough." Def's Letter Resp. at 2 (citing *Hypertherm, Inc. v. Am. Torch Tip Co.*, Civil No. 05-cv-373-JD, 2008 WL 5423833, at *3 (D.N.H. Dec. 29, 2008)). While *Hypertherm* did involve a party's citation to a voluminous record in response to interrogatories, the responding party's references to the record in *Hypertherm* are much less specific than those of the plaintiff here. In *Hypertherm*, the responding party referred to its "previous production in its entirety[.]" *Hypertherm* 2008 WL 5423833 at *3 (internal quotation marks omitted). The plaintiff here did nothing of the sort, but instead directed Defendant Beaupre to specific depositions.

### III. Conclusion

For the foregoing reasons, Defendant Beaupre's motion to compel, in which Defendant City of Biddeford joins, is **GRANTED** in part, to the extent the plaintiff is directed to supplement his answer to both defendants' Interrogatory No. 3 no later than April 15, 2019, and otherwise **DENIED**.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 5th day of April, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge
