# United States Court of Appeals
## For the First Circuit

No. 21-1135

LAWRENCE ROLAND OUELLETTE,

Plaintiff - Appellee,

v.

ROGER BEAUPRE, in his official capacity as Chief of Police for the Biddeford Police Department and in his individual capacity; CITY OF BIDDEFORD,

Defendants - Appellants,

NORMAN GAUDETTE,

Defendant.

Before

Howard, Chief Judge,
Thompson and Gelpí, Circuit Judges.

**JUDGMENT**

Entered: December 22, 2021

Having reviewed the response by defendant-appellants Roger Beaupre and the City of Biddeford to this court's March 31, 2021 Order to Show Cause, we conclude that we lack jurisdiction over the appeal.

As an initial matter, we note that appellants fail to differentiate the personal-capacity claims against Beaupre from the official-capacity and municipal claims against Beaupre and the City, and they assert broadly that they are entitled to summary judgment on qualified immunity grounds. But because the qualified immunity defense is available only to Beaupre with respect to the claims brought against him in his individual capacity, see Brandon v. Holt, 469 U.S. 464, 472-73 (1985); Walden v. City of Providence, 596 F.3d 38, 55 (1st Cir. 2010), the denial of qualified immunity with respect to the claims brought against Beaupre in his individual capacity is the only potential basis for appeal; we lack jurisdiction to review the denial of summary judgment with respect to the claims against Beaupre in his official capacity or the municipal claim against the City.

  We also lack jurisdiction to "review, on interlocutory appeal, an order denying qualified immunity 'to the extent that [the order] turns on either an issue of fact or an issue perceived by the trial court to be an issue of fact,'" McKenney v. Mangino, 873 F.3d 75, 80 (1st Cir. 2017) (quoting Stella v. Kelley, 63 F.3d 71, 74 (1st Cir. 1995)); we have jurisdiction to review such a ruling "only insofar as the appeal rests on legal, rather than factual grounds." Cady v. Walsh, 753 F.3d 348, 350 (1st Cir. 2014) (citing Johnson v. Jones, 515 U.S. 304, 313 (1995)). Appellants frame the issue they seek to appeal as a legal question, arguing that the district court's decision is reviewable to the extent it determined that the facts construed in the light most favorable to plaintiff set forth a basis for supervisory liability under the law clearly established in the late 1980s. But while they acknowledge that they must accept plaintiff's version of the facts as true for purposes of summary judgment and appeal, they fail to do so. Instead, appellants argue, as they did below, that it was not clearly established in the late 1980s that Beaupre's after-the-fact referral of plaintiff's report of alleged sexual abuse by a BPD officer report to outside authorities for investigation was inadequate in the circumstances. This argument ignores factual allegations central to plaintiff's claim of supervisory liability, including that Beaupre had received prior reports of sexual abuse and failed to act. Appellants do not argue that the sexual abuse alleged did not amount to a constitutional violation, nor do they argue that it was not clearly established in the late 1980s that a supervisor would be liable for failing to take any action in response to reports of a subordinate's sexual abuse of a minor. Because appellants' "legal" argument appears to ignore or dispute facts central to plaintiff's claim of supervisory liability, they fail to establish a basis for interlocutory appellate jurisdiction. Accordingly, the appeal is dismissed.

               By the Court:

               Maria R. Hamilton, Clerk

cc:
Gene R. Libby
Tyler Justin Smith
Timothy Joseph Bryant
Jonathan George Mermin
Keith R. Jacques
Walter F. McKee
Matthew D. Morgan
Kurt Peterson