## UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

LAWRENCE OUELLETTE,   )
    Plaintiff,    )
          )
  v.       )    2:16-cv-00053-LEW
          )
NORMAN GAUDETTE, *et al.*,  )
    Defendants.   )

### <u>ORDER ON MOTION TO BIFURCATE</u>

Defendant, Norman Gaudette, has moved to bifurcate this action such that Plaintiff's case against him will be tried separately from Plaintiff's case against Defendants Roger Beaupre and the City of Biddeford (collectively, the "City Defendants"). For the reasons discussed below, I deny Defendant's motion.

### BACKGROUND

Plaintiff alleges that Defendant, Norman Gaudette, sexually assaulted and abused him on a number of occasions in 1987 and 1988, when Plaintiff was a minor and Gaudette worked as a police officer for the City of Biddeford. Plaintiff further alleges that the City Defendants are liable for any assaults or abuse that occurred insofar as they failed properly to respond to Ouellette's claims against Gaudette, and moreover that the City Defendants were aware prior to the alleged abuse that multiple other minors had claimed that Gaudette sexually abused them.

Gaudette believes that Plaintiff will attempt to introduce at trial several pieces of evidence that will be admissible against the City Defendants but will not be admissible

against Gaudette. Specifically, he suggests that Plaintiff will introduce reports that Gaudette sexually abused other minors before 1987; evidence that another Biddeford police officer, Stephen Dodd, sexually abused teenagers while he was on the force; certain pieces of evidence related to the City Defendants' response to those allegations; and evidence of media reports regarding the allegations. *See* Def.'s Mot. 3 (ECF No. 168). To avoid the risk of prejudice to Gaudette that would arise if this evidence were presented in a single combined trial, Gaudette has requested that Plaintiff's claim against him be tried separately from Plaintiff's claims against the City Defendants.

## DISCUSSION

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). A case in which certain evidence is admissible against one defendant but inadmissible against another is the "classic" example of when bifurcation may be appropriate. *Lund v. Henderson*, 807 F.3d 6, 12 (1st Cir. 2015). Still, bifurcation "is not to be routinely ordered." Fed. R. Civ. P. 42, Advisory Committee Note (1966). Ultimately, the decision of whether to separate a trial is "peculiarly within the discretion of the trial court." *Gonzalez–Marin v. Equitable Life Assurance Society of U.S.*, 845 F.2d 1140, 1145 (1st Cir. 1988).

Prudence counsels against separating the trial proceedings in this case. No party contends that holding separate trials would be more convenient than holding a single trial. And while there is a chance that bifurcation could provide some modest efficiency benefit—insofar as a trial victory for Gaudette would estop Plaintiff from pursuing his case

against the City Defendants, *see Lund*, 807 F.3d at 10 n.2—it is perhaps equally probable that holding two trials would simply place twice as much strain on the judicial system. Consequently, the critical factor in my inquiry is the risk of prejudice; but here, the risk of prejudice that would arise from a single trial is likely low.

Most of the ostensibly prejudicial evidence that Gaudette identifies in his motion would likely be admissible against him.[1] Under Federal Rule of Evidence 415, a party in a civil case involving sexual assault may introduce evidence to show that another "party committed any other sexual assault or child molestation." Fed. R. Evid. 415(a). This rule is a special exception to the general prohibition on propensity evidence, *see Martinez v. Cui*, 608 F.3d 54, 59 (1st Cir. 2010), and would permit the introduction of evidence showing that Gaudette sexually abused other individuals.

What's more, any evidence that would be inadmissible against Gaudette likely would pose a minimal risk of prejudice to him, which in any event could be cured by clear jury instructions. For example, though any evidence regarding sexual abuse by other officers probably would be irrelevant as to Gaudette, it would, by the same token, not be particularly prejudicial toward him. Similarly, testimony concerning reports that Gaudette abused other teenage boys—which may be admissible if offered against the City Defendants but would be inadmissible hearsay if offered to prove that Gaudette actually abused the individuals in question, *see* Fed. R. Evid. 801—would pose a minimal risk of prejudice to a jury given that Plaintiff appears likely to present admissible testimony by

---

[1] As none of the evidence in question has been presented to me for review, I will not now rule on its admissibility.

3

Robert Kalex that Gaudette abused him when Kalex was a minor. *See United States v. Weadick*, 15 F.4th 1, 11 (1st Cir. 2021) (finding no prejudice where "plenty of evidence in the record echoed" conclusion of inadmissible evidence). And this low risk of prejudice would be further obviated by instructing the jury as to the permissible uses of such evidence. Indeed, situations such as the one that Gaudette contemplates—in which evidence that otherwise would be inadmissible hearsay is offered for a non-hearsay purpose—are a mainstay of American law and are routinely permitted within the guardrails of clear jury instructions. *See*, *e.g.*, *Ira Green, Inc. v. Mil. Sales & Serv. Co.*, 775 F.3d 12, 19 (1st Cir. 2014). I see no reason why this case should be any different.

**CONCLUSION**

Accordingly, Defendant's Motion for Separate Trials (ECF No. 168) is DENIED.

**SO ORDERED.**

Dated this 7th day of March, 2022.

> /s/ Lance E. Walker
> UNITED STATES DISTRICT JUDGE