UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| LAWRENCE ROLAND OUELLETTE, of Biddeford, York County, Maine,<br><br>Plaintiff,<br><br>v.<br><br>NORMAN GAUDETTE of Biddeford, York County, Maine,<br><br>In his Individual Capacity<br><br>ROGER BEAUPRE, of Biddeford, York County, Maine,<br><br>In his Official Capacity as Chief of Police for the Biddeford Police Department and in his Individual Capacity,<br><br>and<br><br>CITY OF BIDDEFORD a municipality in the state of Maine,<br><br>Defendants | Case No.: 2:16-CV-53- LEW |
| ANGELA FRECHETTE, P.R. OF ESTATE OF SCOTT FRECHETTE<br><br>v.<br><br>NORMAN GAUDETTE, et al. | Case No.: 2:17-CV-172 - LEW |

**PLAINTIFF'S MOTION TO CONSOLIDATE**

NOW COMES Plaintiff, Lawrence Ouellette, by and through undersigned counsel, and hereby moves this Court for an order consolidating the above-captioned matter with *Angela Frechette, P.R. of Estate of Scott Frechette v. Norman Gaudette, et al.,* Case No. 2:17-cv-00172-

1

LEW. As explained below, the evidence that Plaintiffs Lawrence Ouellette and Plaintiff Angela Frechette, P.R. of the Estate of Scott Frechette plan to offer at trial to prove the individual and municipal liability of defendants mirror one another, and holding separate trials in these matters would be unnecessarily repetitious, waste judicial resources, and consolidation would no risk of prejudice to defendants.

## INTRODUCTION & FACTUAL BACKGROUND[1]

Scott Frechette ("Frechette") and Larry Ouellette ("Ouellette") were sexually abused by Biddeford Police Department ("BPD") Capt. Norman Gaudette ("Capt. Gaudette") repeatedly in the late 1980s. Frechette and Ouellette both came from troubled family lives, found themselves in trouble with law enforcement, and were groomed by Capt. Gaudette. On the exterior, Capt. Gaudette presented himself – with the Biddeford Police Department's ("BPD) blessing – as a respected member of the BPD who introduced himself to Ouellette and Gaudette as a Captain of the BPD, offered to buy Ouellette new clothes, and find Frechette a place to stay for the night with City of Biddeford money. Gaudette used his authority and position within the BPD to abuse Ouellette and Frechette repeatedly while on duty and off. In addition to sexually abusing Ouellette and Frechette, Capt. Gaudette had also molested Robert Kalex, another minor victim of similar background and after a similar method of grooming. Worse yet, the molestation of these three minors was brought to the specific attention of Chief Roger Beaupre, who took no action.

## LEGAL STANDARD & FRAMEWORK

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid

---

[1] A more complete and detailed factual background is laid out in the extensive summary judgment record, and is incorporated by reference herein.

2

unnecessary cost or delay." Fed. R. Civ. P. 42(a).  This Court is accorded broad discretion to decide whether consolidation is appropriate and the parties' lack of agreement concerning consolidation is not required.  *New England Energy, Inc. v. Keystone Shipping Co.,* 855 F.2d 1, 5 (1st Cir. 1988).  Consolidation does not "merge" the cases or otherwise cause the "actions [to] lose their separate identity"; rather, they "retain [their] separate character," along with the "substantial rights which [the litigants would] have possessed had the actions proceeded separately." *Hall v. Hall,* 138 S. Ct. 1118, 1130-31 (2018).  Rule 42(a) presents an avenue of relief "by which the burdens of multiple lawsuits may be avoided." *Crown, Cork & Seal Co. v. Parker,* 462 U.S. 345, 543 (1983); *Brito v. Garland,* 22 F.4th 240, 2021 U.S App. LEXIS 38371, at *11 (1st Cir. 2021) ("Ordinarily, a federal trial court would have several procedural tools for handling such a bevy of similar claims by individual noncitizens.  It could consider consolidation under Rule 42(a) of the Federal Rules of Civil Procedure.")

"Rule 42(a) is designed to *encourage* consolidation where common questions of law or fact are present." *Rebarber-Ocasio v. Feliciano-Munoz,* No. 3:18-cv-01218-JAW, 3:16-cv-02719-MEL, 2021 U.S. Dist. LEXIS 196745, at *7, 2021 WL 4777374 (D. P.R. Oct. 12, 2021) (emphasis added).  "The threshold issue is whether the two proceedings involve a common party *and* common issues of fact or law." *Seguro de Servicio de Sauld v. McAuto Systems Group, Inc.,* 878 F.2d 5, 8 (1st Cir. 1989).

> In general, the purpose of consolidation for trial is to avoid: 1) overlapping trials containing duplicative proof; 2) excess cost incurred by all parties and the government; 3) the waste of valuable court time in the trial of repetitive claims; and 4) the burden placed on a new judge in gaining familiarity with the cases.  Other relevant factors include the need to avoid jury confusion and potential prejudice to either party from consolidation.

*Rebarber-Ocasio*, 2021 U.S Dist. LEXIS 196745, at *7, 2021 WL 4777374 (cleaned up). "A motion for consolidation will usually be granted unless the party opposing it can show 'demonstrable prejudice.'" *Id*.

### ARGUMENT

The governing threshold test laid out by the First Circuit is easily satisfied here because both of these case involve the same individual defendant (Capt. Gaudette) and municipal defendants (Chief Beaupre in his official capacity and the City of Biddeford). *See* Fed. R. Civ. P. 42(a); *Seguro de Servicio de Sauld,* 878 F.2d at 8. Furthermore, Ouellette will be a critical witness in Frechette's case, and Frechette will be a critical witness[2] in Ouellette's case. *See* Fed. R. Evid. 415(a) ("In a civil case involving a claim for relief based on a party's alleged sexual assault or child molestation, the court may admit evidence that the party committed any other sexual assault or child molestation."). These cases involve the same core questions of liability that boil down to: (1) whether Capt. Gaudette sexually abused Ouellette[3] and Frechette, and (2) whether the municipal defendants were deliberately indifferent to a substantial risk of harm to Ouellette and Frechette. These cases involve the same history, the same parties and witnesses, and the same theories of liability. Consolidation will undoubtedly promote efficiency for the Court and allow the individual Plaintiffs and other sexual assault survivors including Robert Kalex to avoid having to testify multiple times in separate trials about Capt. Gaudette's sexual abuse against them.

*L.O. v. Stevenson,* No. 18-03257, 2019 U.S. Dist. LEXIS 205726 (E.D. Pa. Nov. 26, 2019) is instructive. In that case, the United States District Court for the Eastern District of Pennsylvania

---

[2] Frechette passed away pending the appeal in this case. Parts of his deposition will be read into the record.
[3] It is of note that Capt. Gaudette filed a defamation action against Mainely Media in the York County Superior Court, alleging that Mainely Media's publication of articles about Capt. Gaudette's sexual abuse of Ouellette and Kalex were false and defamatory. *Gaudette et al. v. Mainely Media et al.,* York County Superior Court Dkt. # 15-123. On March 30, 2022 a York County jury unanimously found, among other things, that Capt. Gaudette failed to prove by a preponderance of the evidence that Ouellette and Kalex were not sexually abused by him.

considered a contested Motion to Consolidate five trials concerning the sexual abuse of minors by a fifty-four-year-old former employee of a shelter, Lancaster County Youth Intervention Center. *See id.* at *2. The Court granted the plaintiff's Motion to Consolidation, reasoning:

> Consolidation for trial is appropriate. There is one identical core liability question, i.e., whether the Defendants were deliberately indifferent to a substantial risk of harm to the Plaintiffs. The same Defendants are named in four of the five cases; in each of those four cases, only a few Defendants vary among the other named Defendants. The distinctions between the cases are not considerable enough to cancel any benefit gained by consolidation. Moreover, counsel for all the parties are skilled and experienced trial lawyers, and the Court is confident that counsel's skill and experience will enable them to sufficiently distinguish the cases to enable a jury to fairly and adequately weigh the evidence against each Defendant.
>
> Consolidation of these actions will conserve the resources of the parties and/or counsel, and will have great effect on the limited resources of the judiciary. There is good reason for these five actions to be consolidated and consolidation will not prejudice the County Defendants' meaningful opportunity to refute and defend against each Plaintiff's claims. . . .

*Id.* at *8-9.

In addition to these cases being appropriate for consolidation under Rule 42(a)'s threshold test, Defendants would not suffer any demonstrable prejudice that would make consolidation inappropriate. As this Court recently held in its order denying Capt. Gaudette's Motion to Bifurcate the Ouellette case, "the risk of prejudice that would arise from a single trial is likely low" and can be cured "within the guardrails of clear jury instructions." *See* Case 2:16-cv-00053-LEW, ECF # 187, at 3-4; *see also Marziale v. Correct Care Sols. LLC,* No. 5:18-cv-86-DPM, 2021 U.S. Dist. LEXIS 11515, at *2 (E.D. Ark. Jan. 19, 2021); *Ambrose v. City of New York,* 623 F. Supp. 2d 454, 480 (S.D.N.Y. Mar. 31, 2009) ("'Any spillover prejudice to the individual officers that may be caused by the admission of Rule 404(b) evidence [at trial] to establish the *Monell* claim [pertaining to the Individual Defendants] could be cured by limiting instructions.'").

Finally, consolidating trials would be especially appropriate given the still-lingering scheduling complications caused by the COVID-19 pandemic. Recently, the United States District Court for the District of New Hampshire considered the pandemic and the court's protocols in analyzing, and denying, a defendant's motion to bifurcate:

> [T]his case is scheduled for trial during the ongoing COVID-19 pandemic. The court's protocols during the pandemic require that only one jury trial is conducted in the courthouse at a time. During the pandemic, the court has selected trial-ready cases each month for a "priority trial list." For obvious reasons, criminal cases have priority over civil cases. Separating this case into two trials would require the court to give this case two priority slots during the pandemic. Such a result would frustrate the goals of expediting disposition and conserving judicial resources.

*McPhee v. Symphony N.H.,* 2021 U.S. Dist. LEXIS 66532, at *3 (D. N.H. Apr. 6, 2021); *Harper v. Unknown Arkesteyn,* No. 19-11106, 2021 U.S. Dist. LEXIS 254331, at *11-12 (E.D. Mich. Sept. 16, 2021) ("Consolidating the two lawsuits would post no risk of prejudice, as it would save resources for both sides to litigate this matter as one, combined action. Additionally, given the delays that have resulted in this Court as a result of the COVID situation, special care should be taken to consolidate and streamline matters for the speedy and effective resolution of like cases.").

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests this Court to consolidate this matter with *Angela Frechette, P.R. of Estate of Scott Frechette v. Norman Gaudette, et al.,* Case No. 2:17-cv-00172-LEW for trial pursuant to Fed. R. Civ. P. 42(a).

Date: 04/01/2022                /s/Walter F. McKee
                                WALTER F. MCKEE, ESQ.

                                /s/Matthew D. Morgan
                                MATTHEW D. MORGAN, ESQ.

                                /s/Kurt C. Peterson
                                KURT C. PETERSON, ESQ.
                                Attorneys for Plaintiff
                                McKee Law, LLC, P.A.

6

133 State Street
Augusta, ME.  04330
(207) 620-8294

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2022, I electronically filed Plaintiff's Motion to Consolidate with the Court of Appeals using the CM/ECF system which will send notification of such filing to the following:  Gene Libby, Esq., Tyler Smith, Esq., Timothy Bryant, Esq., and Keith Jacques, Esq.

Date: April 1, 2022

*/s/ Walter F. McKee*
Walter F. McKee, Esq.
Attorney for Plaintiff
